UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AIMEE E. ROBERT**                                              **CIVIL ACTION**

**VERSUS**                                                       **NO. 13-6594-SM-SS**

**STATE OF LOUISIANA,**
**DEPARTMENT OF CULTURE,**
**RECREATION & TOURISM,**
**OFFICE OF STATE PARKS**

## ORDER

DEFENDANT'S MOTION FOR CONTEMPT (Rec. doc. 37)

**DENIED**

The plaintiff, Aimee E. Robert ("Robert"), filed a complaint for sexual harassment against the State of Louisiana, Department of Culture, Recreation & Tourism, Office of State Parks ("OSP"). She was employed by OSP from 2006-20012. She alleges that during her employment she was sexually harassed by her immediate supervisor, Anthony Marange ("Marange"). Rec. doc. 1.

The case is set for trial on December 15, 2014. The discovery deadline was September 30, 2014. Rec. doc. 12. The deadline was not extended.

On September 16, 2014, OSP listed Marange as a may call witness and identified him as a former Park Manager of Bogue Chitto State Park. Rec. doc. 22. Marange also was listed by Robert as a may call witness. Rec. doc. 23.

OSP noticed Marange's deposition for October 9, 2014 at the office of its counsel in Franklinton, Louisiana. There is no explanation for why the deposition was noticed after the discovery deadline. On October 3, 2014, a subpoena for Anthony Marange c/o Backwoods 4X4 Accessories was served by "Drop Service was performed on three Caucasian males, middle to

late 30's located inside the auto repair shop garage at 225 11th Avenue, Franklinton, Louisiana 70438." Rec. doc. 37 (Exhibit A).  On October 8, 2014, a subpoena for Marange was served on Ms. Adrian Holiday, Domiciliary Service located at 169 Northridge Dr., Covington, Louisiana 70435.  Rec. doc. 37 (Exhibit B).

OSP reports that Marange did not appear for the deposition.  It seeks an order compelling his appearance for a rescheduled deposition and for the U.S. Marshal's assistance in securing his appearance.  Rec. doc. 37.  Robert did not submit any opposition.

Pursuant to Fed. R. Civ. P. 45(b), "[s]erving a subpoena requires delivering a copy to the named person. . . ."

> The courts are divided as to whether service of a subpoena must be personal, in-hand service, or can be accomplished by delivery to the recipient's residence or place of business.

Baicker-McKee, Janssen and Corr, Federal Civil Rules Handbook Rule 45 at 978 (2011).  See Hall v. Sullivan, 229 F.R.D. 501, 503-04 (D. Md. 2005).  In the Eastern District of Louisiana, personal service is required.  Weiss v. Allstate Ins. Co., 512 F.Supp.2d 463, 466 (E.D. La. 2007) (Vance, J.) (service is improper if the person himself is not served with a copy of the subpoena); Scottsdale Ins. Co. v. Education Mgmt., Inc., 2007 2127798, *3 (E.D. La. 2007) (Berrigan, C.J.) (service on Secretary of State of was insufficient); Plata v. Triton Diving Services, LLC, 2013 WL 3199720, *3 (E.D.La.) (Roby, M.J.); and Omikoshi Japanese Restaurant v. Scottsdale Insurance Company, 2008 WL 4829583, *1 (E.D.La.) (Wilkinson, M.J.).

The domiciliary service on Marange was ineffective.  Rec. doc. 37 (Exhibit B).  The drop service also was ineffective.  There is nothing to confirm that one of the three men in the auto repair shop was Marange.  Rec. doc. 37 (Exhibit A).  In addition, the deposition was not noticed within the discovery deadline.

IT IS ORDERED that defendant's motion for contempt and to compel appearance at deposition (Rec. doc. 37) is DENIED.

New Orleans, Louisiana, this 12th day of November, 2014.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**